Case 1:17-cv-00009-PEC   Document 5   Filed 01/30/17   Page 1 of 4



**ORIGINAL**

# In the United States Court of Federal Claims

No. 17-09C

(Filed: January 30, 2017)

**FILED**
JAN 30 2017
U.S. COURT OF FEDERAL CLAIMS

| | |
|---|---|
| GEORGE EDWARD MCDERMOTT, et al., | Pro Se Complaint; Sua Sponte Dismissal; Lack of Subject Matter Jurisdiction; RCFC 12(h)(3). |
| Plaintiffs, | |
| v. | |
| THE UNITED STATES, | |
| Defendant. | |

George Edward McDermott, George Edward McDermott Jr., and Patricia J. McDermott, Forest Heights, MD, pro se.

Sarah Choi, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant.

ORDER OF DISMISSAL

On January 3, 2017, plaintiffs, George Edward McDermott and his family, filed a complaint in this court appearing pro se. ECF No. 1. Plaintiffs' complaint is styled as an "EMERGENCY PETITION FOR WRIT OF HABEAS CORPUS AND PROHIBITION TO THE CLERK'S OFFICE OF THE UNITED STATES DISTRICT COURT D.C. AND MD[] STATE INFERIOR COURTS." Compl. Plaintiffs filed with their complaint an application to appear in forma pauperis (IFP Application), seeking permission to proceed without paying the court's filing fee. ECF No. 3. For the reasons stated below, plaintiffs' complaint is **DISMISSED** for lack of subject matter jurisdiction pursuant to RCFC 12(h)(3), and plaintiffs' IFP Application is **DENIED**.

I.   The Court Lacks Jurisdiction Over Plaintiffs' Claims

The court reviews plaintiffs' complaint to determine whether it has jurisdiction to hear this case. See 28 U.S.C. § 1491(a)(1); Hebert v. United States, 114 Fed. Cl. 590, 593 (2014) (failure to comply with court's jurisdictional requirements not excused even for pro se plaintiffs).

7014 1200 0000 9093 6378

"Subject-matter jurisdiction may be challenged at any time by the parties or by the court sua sponte." Folden v. United States, 379 F.3d 1344, 1354 (Fed. Cir. 2004). "In deciding whether there is subject-matter jurisdiction, "the allegations stated in the complaint are taken as true and jurisdiction is decided on the face of the pleadings." Folden, 379 F.3d at 1354 (quoting Shearin v. United States, 992 F.2d 1195, 1195–96 (Fed. Cir. 1993)). If the court determines that it does not have subject matter jurisdiction, it must dismiss the claim. Rules of the United States Court of Federal Claims (RCFC) 12(h)(3).

The Tucker Act establishes and limits the jurisdiction of the Court of Federal Claims to "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." See 28 U.S.C. § 1491 (2012). With limited exceptions, this court has authority to "issue judgments for money against the United States only when they are grounded in a contract, a money-mandating statute, or the takings clause of the Fifth Amendment." Drake v. Fitzwater, No. 14-408C, 2015 WL 1883766, at *1 (Fed. Cl. Apr. 23, 2015) (citing United States v. Testan, 424 U.S. 392, 397–98 (1976)). Although the Tucker Act waives the sovereign immunity necessary for a plaintiff to sue the United States for money damages, United States v. Mitchell, 463 U.S. 206, 212 (1983), it does not confer any substantive rights upon a plaintiff, Testan, 424 U.S. at 398. Therefore, a plaintiff must "identify a substantive right for money damages against the United States separate from the Tucker Act itself" for the court to exercise jurisdiction over a claim. Todd v. United States, 386 F.3d 1091, 1094 (Fed. Cir. 2004). The substantive source of law allegedly violated must "'fairly be interpreted as mandating compensation by the Federal Government.'" United States v. Navajo Nation, 556 U.S. 287, 290 (2009) (quoting Testan, 424 U.S. at 400).

Although plaintiffs identify damages in the amount of "$35+ million dollars" on the cover sheet of their complaint, ECF No. 1-1, the complaint itself does not request – or set forth any legal basis for – an award of monetary damages. Instead, plaintiffs request an injunction from this court against the U.S. District Court for the District of Columbia and Maryland state court – which plaintiffs have characterized as "inferior courts" – for the "[d]enial of access to courts unjustly." Cover Sheet, ECF No. 1-1.

This court cannot grant such relief. Although the Court of Federal Claims has the authority to award injunctive relief pursuant to the Tucker Act, 28 U.S.C. § 1491(b)(2), and under the guidance provided by RCFC 65(d), this relief is a "drastic and extraordinary" remedy that is available only in certain types of cases. Intel Corp. v. ULSI Sys. Tech., Inc., 995 F.2d 1566, 1568 (Fed. Cir. 1993); see also Mazurek v. Armstrong, 520 U.S. 968, 972 (1997). And before a request for injunctive relief can be evaluated by the court, plaintiffs must first identify a substantive right that invokes the court's limited jurisdiction to hear claims against the United States for money. Thorndike v. United

States, 72 Fed. Cl. 580, 583 (2006) (citing Rice v. United States, 31 Fed. Cl. 156, 164 (1994), aff'd, 48 F.3d 1236 (Fed. Cir. 1995)); RCFC 65. In other words, the court does not have jurisdiction over claims in which the sole relief sought is a action. Id. Additionally, the court's ability to provide injunctive relief does not extend to compelling other courts to either take or refrain from taking a particular action. Ramirez v. United States, 239 Fed. Appx. 581, 582 (Fed. Cir. 2007) (pro se claim asserting that state and federal courts deprived plaintiff of due process were found to have been properly dismissed for lack of subject matter jurisdiction holding that the court "cannot grant equitable relief such as an injunction" absent specific circumstances).

Plaintiffs also make multiple statements in their complaint that refer to the U.S. District Court for the District of Columbia and Maryland state courts as "lower" courts. Compl., passim. The court construes these statements to suggest that plaintiffs seek to challenge the decisions of those courts here. The court, however, cannot do so. Colbert v. United States, 617 F. App'x 981, 983 (Fed. Cir. 2015) ("The [U.S. Court of Federal Claims] may not substantively review the wisdom of earlier district court orders."). Nor could the U.S. Court of Federal Claims intervene in any proceeding before those courts as requested by plaintiffs. Ramirez, 239 Fed. Appx. 581.

Plaintiffs seek further relief for an alleged "civil rights violation." Compl. 2. It is "well settled," however, that this court does not have jurisdiction over civil rights claims – whether arising under 42 U.S.C. § 1981 or § 1983. Wildman v. United States, 28 Fed. Cl. 494, 495 (1993); Griffith v. United States, No. 14-793C, 2015 WL 1383959, at *2 (Fed. Cl. Mar. 20, 2015); Ramirez, 239 Fed. Appx. 581; Osborn v. United States, 47 Fed. Cl. 224, 232 (2000).

Plaintiffs press claims that cannot be heard by this court. Accordingly, plaintiffs' complaint is **DISMISSED** for lack of subject matter jurisdiction under RCFC 12(h)(3).

II.   Plaintiffs' Motion for Leave to Proceed In Forma Pauperis

Pursuant to 28 U.S.C. § 1915, a "court of the United States" is permitted to waive filing fees and security under certain circumstances.[1] See 28 U.S.C. § 1915(a)(1); see also Hayes v. United States, 71 Fed. Cl. 366, 366 – 67 (2006) (concluding that § 1915(a)(1) applies to both prisoners and non-prisoners alike). As explained by the website maintained by the court regarding pro se information, "in forma pauperis" is defined as "[p]ermission to sue without prepayment of fees, given by the court to a

---

[1] The Court of Federal Claims, while not generally considered to be a "court of the United States" within the meaning of Title 28 the United States Code, is deemed to be a "court of the United States" for purposes of this statute, and thus has jurisdiction to grant or deny IFP applications. See 28 U.S.C. § 2503(d) (deeming the Court of Federal Claims to be "a court of the United States" for the purposes of 28 U.S.C. § 1915).

3

person who does not have financial means to pay." Pro Se Information, http://www.uscfc.uscourts.gov/pro-se-information (last visited Jan. 26, 2017). Plaintiffs wishing to proceed in forma pauperis must submit an affidavit that includes a statement of their assets, declares their inability to pay the fees or give the security, and describes the nature of their action and the basis for the redress sought. 28 U.S.C. § 1915(a)(1).

Under ordinary circumstances, "the threshold for a motion to proceed in forma pauperis is not high: [t]he statute requires [simply] that the applicant be 'unable to pay such fees.' 28 U.S.C. § 1915(a)(1). To be 'unable to pay such fees' means that paying such fees would constitute a serious hardship on the plaintiff." Fiebelkorn v. United States, 77 Fed. Cl. 59, 62 (2007); see also Moore v. United States, 93 Fed. Cl. 411, 414 – 15 (2010).

Although plaintiffs' IFP application is largely illegible, it does appear that plaintiffs derive income from "[r]ent payments, interest or dividends," as well as ownership of other assets. IFP Application 2. Moreover, it appears that Mr. George McDermott is the only plaintiff to have contributed information for the IFP Application. But, the court cannot discern from the information provided the value of plaintiffs' assets. Nor can the court assess plaintiffs' overall ability to pay the filing fee or whether the fee would constitute a serious hardship on the plaintiffs. Therefore, without more, the court **DENIES** plaintiffs' motion for leave to proceed in forma pauperis.

III.   Plaintiffs' Other Correspondence Shall Be Returned Unfiled

On January 5, 2017 and January 23, 2017, the Clerk of Court received additional correspondence from plaintiffs. In light of the court's determination herein and because there is no provision in the court's rules for the filing of the documents submitted by plaintiffs, the Clerk of Court is directed to **return these documents to plaintiffs unfiled**.

IV.   Conclusion

For the reasons set forth above, the Clerk of Court shall enter judgment for defendant. Once judgment is entered this matter is considered closed. The Clerk's Office is directed to return any future filings not in compliance with this court's rules to plaintiff, unfiled, without further order.

IT IS SO ORDERED.

PATRICIA E. CAMPBELL-SMITH
Chief Judge